UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIST C. DALLAS,

    Petitioner,

v.                                      CASE NUMBER 09-12322
                                          HONORABLE NANCY G. EDMUNDS

SHERRY BURT,

    Respondent.

_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Christ C. Dallas is a state prisoner currently confined at Carson City Correctional Facility in Carson City, Michigan. He has filed a *pro se* petition for the writ of habeas corpus. The petition challenges the Michigan Parole Board's refusal to release Petitioner on parole. Respondent urges the Court to deny relief on the ground that the Parole Board properly exercised its discretion in denying Petitioner parole. The Court agrees with Respondent that Petitioner is not entitled to federal habeas corpus relief. Accordingly, the habeas petition will be denied.

### I. Background

In 1990, Petitioner was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and felony firearm, Mich. Comp. Laws § 750.227b. A Wayne County judge sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive sentence of fifteen to forty years for the assault conviction. The Michigan Court of Appeals affirmed Petitioner's convictions, and on April 29, 1994, the

Michigan Supreme Court denied leave to appeal. *See People v. Dallas*, 445 Mich. 873; 519 N.W.2d 161 (1994).

In 1995, Petitioner filed a federal habeas corpus petition, which challenged his convictions. Former United States District Judge George La Plata denied the petition. *See Dallas v. Hofbauer*, No. 95-60075 (E.D. Mich. Mar. 28, 1996). Petitioner filed his current habeas petition on June 16, 2009.

## II. Exhaustion of State Remedies; Standard of Review

Ordinarily, a habeas petitioner must exhaust state remedies for his claims by fairly presenting his claims to the state court of appeals and to the state supreme court. 28 U.S.C. § 2254(b)(1)(A); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Petitioner did not exhaust any state remedies for his claims, but state prisoners in Michigan no longer possess the right to appeal the Parole Board's decisions denying parole. *Morales v. Mich. Parole Bd.*, 260 Mich. App. 29, 34-36; 676 N.W.2d 221, 226-28 (2003). Consequently, Petitioner's failure to exhaust state remedies prior to filing his habeas petition is excusable; there is no available state remedy to exhaust. 28 U.S.C. § 2254(b)(1)(B)(i); *Jackson v. Jamrog*, 411 F.3d 615, 618, 620-21 (6th Cir. 2005). And because no state court adjudicated the merits of Petitioner's claims, habeas review is *de novo*. *Dorn v. Lafler*, 601 F.3d 439, 442-43 (6th Cir. 2010).

## III. Discussion

### A. Denial of Parole

The first three habeas claims allege that the Michigan Parole Board denied Petitioner release on parole three times despite a parole guidelines score, which rated him

as having a high probability of parole. Petitioner contends that the Michigan Parole Board's decisions denying him release on parole were arbitrary, capricious, and an abuse of discretion. He further contends that the Parole Board's decisions were not supported by competent, material, and substantial evidence, as required by state law. Finally, Petitioner claims that the Michigan Department of Corrections is concealing an amended judgment of sentence of five to twenty years. Petitioner asserts that he is eligible for a discharge from prison because he has served over eighteen years of his sentence.

The contention that the Parole Board's decisions violate state law lacks merit because "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), and a state's failure "to follow its own policies and procedures does not amount to a constitutional violation." *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005). In conducting habeas review, a federal court is limited to deciding whether the prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3) and 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 68 (1991).

Petitioner's only citation to federal constitutional law is the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Litigants who seek to invoke the Fourteenth Amendment's Due Process Clause must establish that an interest in life, liberty, or property is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Id.* (internal and end citations omitted).

Petitioner claims to be entitled to release on parole, but as of October 26, 2009, the

Parole Board still considered him a risk to society. Furthermore, there is no constitutional or inherent right to be released on parole, *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7 (1979), and in Michigan, "a prisoner's release on parole is discretionary with the parole board." Mich. Comp. Laws § 791.234(11).[1] Therefore, Michigan's parole statute does not create a protected liberty interest in release on parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). Even the requirement that the Board Parole provide "substantial and compelling reasons" for departing from the parole guidelines does not create a protected liberty interest in release on parole. *Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). The fact that the State "holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11 (emphasis in original). "Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

Petitioner has no protected liberty interest in parole. Therefore, the denial of parole is not a violation of the Due Process Clause.

### B. Alleged Concealment of an Amended Sentence

Petitioner's fourth and final claim alleges that the Michigan Department of Corrections is concealing an amended sentence of five to twenty years. Petitioner has not provided any documentation in support of this allegation, and his parole record indicates

---

[1] *See also Hopkins v. Mich. Parole Bd.*, 237 Mich. App. 629, 637; 604 N.W.2d 686, 691 (1999) (stating that "specific determinations whether to release prisoners on parole rest within the Parole Board's discretion").

4

that his only active offenses are the felony firearm and assault convictions for which Petitioner was sentenced to two years in prison plus a consecutive term of fifteen to forty years. "Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief." *Prince v. Straub*, 78 F. App'x. 440, 442 (6th Cir. 2003). Petitioner therefore has no right to relief on the basis of his claim about the Parole Board's alleged concealment of an amended sentence.

## IV. Conclusion

Petitioner has failed to carry his burden of showing that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, the petition for a writ of habeas corpus [Dkt. #1] is **DENIED**. The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, if Petitioner wishes to appeal this decision, he may proceed *in forma pauperis* on appeal.

                            s/Nancy G. Edmunds  
                            Nancy G. Edmunds  
                            United States District Judge

Dated: August 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 9, 2010, by electronic and/or ordinary mail.

                            s/Carol A. Hemeyer  
                            Case Manager